IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01815-BNB

KEITH BALKA,

    Plaintiff,

v.

SHERIFF JIM CROHN, Morgan County Sheriff,
LT. LITTLEFIELD, Morgan County Sheriff's Dept.,
MEDICAL STAFF, Morgan County Detention Center,
DR. DEQUARDO, Colorado Mental Health, Pueblo, and
DR. JUSTIN LINCOLN, Colorado Mental Health, Pueblo,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 21 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff, Keith Balka, currently is incarcerated at the Fort Morgan, Colorado, county jail. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993) for injunctive relief and money damages. On October 19, 2006, he filed an amendment to the complaint. Mr. Balka has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

The Court must construe the complaint, as amended, liberally because Mr. Balka is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Balka will be ordered to file an amended complaint.

Mr. Balka appears to be a pretrial detainee. He alleges that he served as a volunteer fire fighter in New York in the aftermath of the September 11, 2001, attacks on the World Trade Center. He maintains that, as a result of his September 11 work, he suffered from post-traumatic stress disorder (PTSD), and that his personal physician prescribed various medications for him. He further alleges that on August 15, 2003, he was in a severe automobile accident, that he suffered a broken neck and head injuries, and that his injuries exacerbated the long-term effects of his September 11 volunteer work.

Mr. Balka maintains that, at the time he was incarcerated on June 2, 2005, the jail medical staff was informed about his PTSD and subsequent automobile accident, but nonetheless denied both his prescribed medications and his request to see a physician. He asserts that on September 28, 2005, after suffering from depression, he attempted suicide, was taken to a hospital, and upon his return was interviewed by a social worker, who recommended a six-week evaluation at the Colorado Mental Health Institution in Pueblo.

He alleges that he was returned to the Fort Morgan county jail halfway through the mental-health evaluation at the insistence of District Attorney Steven Jones, and that on November 19, 2005, he was returned to the Pueblo mental health institution at the insistence of his attorney and physician. He contends that he was returned to jail without recommendations or prescriptions for his ongoing medical treatment. On the basis of these allegations, he argues that the defendants have been deliberately indifferent to his serious medical needs.

Mr. Balka must assert clearly each defendant's personal participation in the

alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Morgan County Sheriff Jim Crohn, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it is not at all clear whether Mr. Balka has exhausted each of his claims through the jail's grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

As previously stated, Mr. Balka appears to be a pretrial detainee confined in a jail. The claims he is attempting to assert appear to relate to jail conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C.

§ 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Balka must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Balka has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. Mr. Balka generally alleges that he has filed numerous grievances and kites concerning his medical needs, but he fails either to attach copies of his administrative proceedings or describe their disposition with specificity.

Mr. Balka will be ordered to file an amended complaint. He is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Balka should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. In addition, Mr. Balka must show cause why the complaint should not be dismissed for failure to exhaust the jail's administrative grievance procedure. Accordingly, it is

ORDERED that Mr. Balka file **within thirty (30) days from the date of this order** an amended complaint that alleges each defendant's personal participation in the asserted constitutional violations and that shows cause why the complaint should not be dismissed for failure to exhaust the Fort Morgan, Colorado, county jail's administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Balka, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Balka submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Balka fails to comply with this order to the Court's satisfaction within the time allowed, the complaint, as amended, and the action will be dismissed without further notice.

DATED November 21, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01815-BNB

Keith Balka
Reg. No. 14126
801 E. Beaver Ave
Ft. Morgan, CO 80701

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 11/21/06

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk