IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 1 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01815-BNB

KEITH BALKA,

      Plaintiff,

v.

JIM CRONE, Sheriff, Morgan County,
LT. LITTLEFIELD, Morgan County Sheriff's Dept.,
MEDICAL STAFF, Morgan County Detention Center,
DR. DEQUARDO, Colorado Mental Health, Pueblo,
DR. JUSTIN LINCOLN, Colorado Mental Health, Pueblo, and
COLORADO MENTAL HEALTH INSTITUE [sic], Pueblo,

      Defendants.

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

      Plaintiff Keith Balka currently is incarcerated at the Morgan County Detention Center in Fort Morgan, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993) for injunctive relief and money damages. On October 19, 2006, he filed an amendment to the complaint. On November 21, 2005, Magistrate Judge Boyd N. Boland ordered Mr. Balka within thirty days to file an amended complaint that asserted each Defendant's personal participation in the alleged constitutional violations and to show cause why the complaint should not be dismissed for failure to exhaust the detention center administrative grievance procedure.

On December 18, 2006, Mr. Balka filed an amended 42 U.S.C. § 1983 complaint for money damages and injunctive relief, and submitted his response to the order to show cause. In the response, Mr. Balka appears to have demonstrated that the amended complaint should not be dismissed at this time for failure to exhaust administrative procedures with respect to his asserted claims. Therefore, the November 21, 2006, order directing Mr. Balka to show cause will be discharged.

Mr. Balka has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss **sua sponte** an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

The Court must construe the amended complaint liberally because Mr. Balka is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

2

Mr. Balka appears to be a pretrial detainee. He alleges that he served as a volunteer fire fighter in New York in the aftermath of the September 11, 2001, attacks on the World Trade Center. He maintains that, as a result of his September 11 work, he suffered from post-traumatic stress disorder (PTSD), and that his personal physician prescribed various medications for him. He further alleges that on August 15, 2003, he was in a severe automobile accident, that he suffered a broken neck and head injuries, and that his injuries exacerbated the long-term effects of his September 11 volunteer work.

Mr. Balka maintains that, at the time he was incarcerated on June 2, 2005, the jail medical staff was informed about his PTSD and subsequent automobile accident, but nonetheless denied both his prescribed medications and his request to see a physician. He asserts that on September 28, 2005, after suffering from depression, he attempted suicide, was taken to a hospital, and upon his return was interviewed by a social worker, who recommended a six-week evaluation at the Colorado Mental Health Institute in Pueblo.

He alleges that he was returned to the Morgan County Detention Center halfway through the mental-health evaluation at the insistence of District Attorney Steven Jones, and that on November 19, 2005, he was returned to the Pueblo mental health institute at the insistence of his attorney and physician. He contends that he has been returned to the detention center without recommendations or prescriptions for his ongoing medical treatment. He also alleges that detention center officials have denied him an additional blanket, and that the cold in the detention center is exacerbating the nerve damage in his neck, which continues to be untreated. On the basis of these

3

allegations, he argues that Defendants have been deliberately indifferent to his serious medical needs.

In the amended complaint Mr. Balka still fails to assert clearly each Defendant's personal participation in the alleged constitutional violations. He specifically fails to allege how the medical staff at the Morgan County Detention Center personally participated in the alleged deliberate indifference to his serious medical needs. As Magistrate Judge Boland warned Mr. Balka in the order for an amended complaint, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Balka may use fictitious names, such as "John Doe" and "Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Balka uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. He has failed to do so. Therefore, the medical staff at the Morgan County Detention Center will be dismissed as a party to this action.

Mr. Balka also may not sue the Colorado Mental Health Institute. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, the Colorado Mental Health Institute will be dismissed as a party to this action. Accordingly, it is

ORDERED that the claims asserted against Defendants Medical Staff Morgan County Detention Center and Colorado Mental Health Institute at Pueblo are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court is directed to correct the Court's docketing records to remove Defendants Medical Staff Morgan County Detention Center and Colorado Mental Health Institute at Pueblo as parties to this action. It is

FURTHER ORDERED that the November 21, 2006, order directing Plaintiff Keith Balka to show cause is discharged. It is

FURTHER ORDERED that the case will be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 31 day of Jan, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01815-BNB

Keith Balka
Reg. No. 14126
801 E. Beaver Ave
Ft. Morgan, CO 80701

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  2-1-07

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk